## Notary Public's Qualifications.

*Public officers — Notary public — Qualifications—Membership of Bar of United States District Court — Constitutional law — Act of May 15, 1874, P. L. 186.*

1. Membership in the bar of a United States court is not such an "office or appointment of trust or profit under the United States" as will disqualify a person from holding or exercising the office of notary public.

2. Where there is a doubt or uncertainty regarding the compatibility of offices, such doubt is to be resolved in favor of the compatibility.

Department of Justice.   Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

CAMPBELL, 1st Dep. Att'y-Gen., May 3, 1926.—It appears that George K. Engelhart, of Fullerton, Pa., has made application for his appointment as a notary public.   In his application, in answer to a question contained in the form used as to whether or not he holds any office or appointment of trust or profit under the United States, he has answered that he is a member of the Bar of the United States District Court.   The question is whether the membership in the bar of a United States court disqualifies him for appointment as a notary public.

Article XII, section 2, of the Constitution of Pennsylvania, provides that: "No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached.   The General Assembly may by law declare what offices are incompatible."

The Act of May 15, 1874, P. L. 186 (Pa. Stat. 17832), was passed in conformity with this constitutional provision.   It provides that "Every person who shall hold any office or appointment of profit or trust under the Government of the United States, . . . who is or shall be employed under the legislative, executive or judiciary departments of the United States, . . . is hereby declared to be incapable of holding or exercising at the same time the office or appointment of . . . notary public. . . ."

Thus it appears that the contemporaneous interpretation of this section of the Constitution made by the legislature was that the office referred to under the United States was an employment under one of the branches of the Government.   A member of the bar is in no sense employed by the judiciary department.

The general assembly has never declared the office of attorney-at-law or membership in the bar of any court to be incompatible with any office except that of inspector of the county prison: Act of May 15, 1874, P. L. 186.

Admission to the bar of a United States court is based upon the admission to the bar of the highest court of the state of residence of the applicant.   The office of attorney-at-law has never been considered incompatible with any other public office.   If Mr. Engelhart were precluded by the fact of his admission to practice law before the United States District Court from exercising the office of notary public, then, necessarily, one who is authorized to practice law before the United States Supreme Court, the United States Circuit Court of Appeals or the United States District Court would be precluded from holding the office of Attorney-General of this Commonwealth.   Such would create an anomalous situation.   The duties of the Attorney-General require frequently his appearance in the United States courts, and yet the very fact of being qualified there to appear would, under this rule, prohibit his acting as Attorney-General.   This would result in his inability to represent the Com-

### Notary Public's Qualifications.

monwealth in important cases involving the constitutionality of Pennsylvania statutes with reference to the United States Constitution. He would be charged with the duty of maintaining the constitutionality in the United States courts of state statutes there under attack, and yet he would be disqualified from becoming a member of that bar without which he could not there appear as a representative of the Commonwealth.

The United States Constitution, in article I, section 6, clause 2, provides that: ". . . No person holding any office under the United States shall be a member of either House during his continuance in office."

Since the earliest days of this Government, many of the foremost lawyers practicing before the United States Supreme Court have been members of the United States Senate or House of Representatives, and I believe that no question has ever arisen as to the incompatibility of such office with membership in the bar of that court.

It is also to be noted that the definitions of the term "office" involve the clothing of the incumbent with some part of the sovereignty and that the duties thereof shall be of a continuous character: Curtin v. State (Cal.), 214 Pac. Repr. 1030, Am. Dig., vol. 17 A, 1923, title "officers," § 1; State ex rel. v. Hackmann (Mo.), 254 S. W. Repr. 53, Am. Dig., vol. 18 A, title "officers," § 1; High on Receivers, par. 625, and Tiedeman on Municipal Corporations, Ed. 1894, as cited in Com. v. Murphey, 25 Pa. C. C. Reps. 639; Commissioners, etc., v. Garrett (Tex.), 236 S. W. Repr. 970, Am. Dig., vol. 14 A, 1922, title "officers," § 1.

The terms "office" and "appointment," as used in article XII, section 2, of the Constitution, are synonymous. An "office" is an appointment with a commission; an "appointment" is an office without one. The distinction is immaterial: Com. ex rel. v. Binns, 17 S. & R. 219, 243.

A member of the bar of a court is not clothed with any part of the sovereignty.

Where doubt exists as to the compatibility or incompatibility of offices, it should be resolved in favor of the compatibility.

"The question of the incompatibility is no new question. The established rule is to give the strictest possible construction to every part of the Constitution and to every Act of Assembly declaring state offices incompatible with offices or appointments under the Federal Government or declaring different state officers incompatible with each other, and never to hold anything to be within the prohibition unless expressed and named, and to take in no possible case by construction:" Com. ex rel. v. Binns, 17 S. & R. 219, 226.

When there is a doubt or uncertainty regarding the compatibility of office, such doubt is to be resolved in favor of the compatibility: Com. ex rel. v. Binns, 17 S. & R. 219, 230.

I am, therefore, of the opinion that membership in the bar of a United States court is not such an "office or appointment of trust or profit under the United States" as will preclude the holding or exercising of an office in this state, and that, so far as this objection is concerned, the appointment of Mr. Engelhart as a notary public may issue.

From C. P. Addams, Harrisburg, Pa.

NOTE.—As to whether a member of the bar is a public officer, see Walmesley v. Booth, Barnardiston Ch. 478 (1741); Robinson's Case, 131 Mass. 376; Matter of Cooper, 22 N. Y. 67; In re matter of the Oaths to be taken by Attorneys and Counselors, 20 Johns. (N. Y.) 492; Matter of Wood, 1 Hopk. Ch. Rep. 6; Byrne v. Stewart, 3 Desaussure (S. C.), 466; Ex parte Garland, 4 Wallace, 333; Cohen v. Wright, 22 Cal. 293; Ex parte Robinson, 19 Wallace, 505; Ricker's Petition, 66 N. H. 207; Matter of Thomas, 16 Colo. 441.